**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| |
|---|
| DIANA YVETTE MORALES-DIAZ, |
|     Plaintiff, |
|        v. |
| VICTOR RIVERA, ET AL., |
|     Defendants. |

CIV. NO. 05-1973 (PG)

**OPINION AND ORDER**

    Before the Court is defendants' unopposed Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6). (Docket No. 29.) For the following reasons, the Court GRANTS defendants' motion and dismisses this case with prejudice.

    On September 14, 2005, plaintiff filed the instant complaint, which was amended on July 14, 2006. In the first complaint plaintiff alleged her claims were brought under Title VII, 42 U.S.C. §2000 et seq. In her amended complaint, however, plaintiff alleged her claims were brought under 42 U.S.C. §1983.

    Defendants move to dismiss the complaint arguing that because the last event alleged occurred in April of 2004, plaintiff's §1983 is time barred by the one year statute of limitations.

    It is well-settled that the limitations period for §1983 claims "is governed by the applicable state statute of limitations for personal injury actions, which is one year in Puerto Rico". Velazquez-Rivera v. Danzig, 234 F.3d 790, 795 (1st Cir. 2000); see P.R. Laws Ann. tit. 31, § 5298[1]. This one year period "begins running one day after the date of accrual, which is the date plaintiff knew or had reason to know of the injury". Benitez-Pons v. Com.

---

[1] See also Wilson v. Garcia, 471 U.S. 261, 278-80(1985); Benitez-Pons v. Com. of Puerto Rico, 136 F.3d 54, 59 -60 (1st Cir. 1998); Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir.1997); Rodriguez Narvaez v. Nazario, 895 F.2d 38, 41-42 (1st Cir.1990).

Cr. No. 02-117 (PG)                                                      Page 2

of Puerto Rico, 136 F.3d at 54, 59 (1st Cir. 1998).

As with the applicable statute of limitation, tolling is also governed by state law. Benitez-Pons, 136 F.3d at 59. Pursuant to Article 1873 of the Puerto Rico Civil Code, the one year period may be tolled by an extrajudicial claim of the creditor, see P.R. Laws Ann. tit. 31, § 5303 (2001), but to be effective, it must be addressed to the same party later sued and request the same relief later sought in court. Benitez-Pons, 136 F.3d at 59-60.

From the face of the complaint, it is evident that plaintiff was aware of her injury as early as March of 2004. (See Docket No. 24.) Plaintiff did not file suit until July of 2006, clearly outside the one year period.  Even if we consider the last date alleged in the complaint, February of 2005, as the date her claim accrued, plaintiff's §1983 claim would still be time-barred.

Plaintiff alleged in her complaint that she filed an administrative claim regarding her allegations of discrimination.  However, said claim does not toll the statute of limitations on her constitutional claim. See Leon-Nogueras v. University of Puerto Rico, 964 F.Supp. 585, 589 (D.P.R. 1997). At the most, the administrative claim only restarted the running of the one year statute of limitations. Id. Plaintiff's administrative complaint was filed on February 4, 2005. Therefore, even if a new one-year period began to run on that date her complaint is still time- barred.

For the preceding reasons, the Court **GRANTS** defendants' motion to dismiss plaintiff's amended complaint.   **(Docket No. 29.)** Judgment shall be entered forthwith.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, February 27, 2007.

S/JUAN M. PEREZ-GIMENEZ
U. S. DISTRICT JUDGE